IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DERRICK DEXTER COLEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:09-CV-107 (WLS) |
| | : | |
| | : | |
| VS. | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| | : | |
| Sheriff PETE SMITH; MENTAL | : | |
| HEALTH DEPARTMENT; | : | |
| MEDICAL DEPARTMENT; | : | |
| Nurse GOLPHIN; Captain DON MASON; | : | |
| Chief ERIC BRYANT, | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **DERRICK DEXTER COLEY** , an inmate at Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis.*

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that Captain Mason verbally abused and threatened him on at least one occasion when he requested to be escorted to the recreation area.

Threats and verbal abuse by prison officials do not amount to violations of any federal constitutional right.  *Stacey v. Ford*, 554 F. Supp. 8 (N.D. Ga. 1982).

Plaintiff also claims that he was not allowed "to make store call" from April 8, 2009 to June 8, 2009.  Plaintiff does not maintain that he was not allowed any food.  He simply states that he "was in fear that the meals the officers were serving . . . could have been harmful."  There is no constitutional right to shop at the prison store.  Therefore, the fact that plaintiff could not shop at the commissary during this period of time is not actionable under 42 U.S.C. § 1983.

Plaintiff has named the Mental Health Department and Medical Department as defendants.  These are not legal entities that are subject to suit in a legal action.  The Court has no way of identifying who is in the Mental Health or the Medical Department and perfecting service upon such unidentified persons.

Plaintiff has also named Sheriff Smith as a defendant.  However he makes no allegations against this individual in his complaint.  A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation.  See *Zatler v. Wainwright*, 802 F.d 397, 401 (11th Cir. 1986).  The sheriff is subject to dismissal on this ground alone.

Moreover, to any extent that plaintiff is attempting to hold Sheriff Smith responsible for the actions of his employees, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability.  *Rogers v. Evans*, 792 F.2d 1052

(11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986).  Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  *H.C. by Hewett*, 786 F.2d at 1086-87.  "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.  The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that Sheriff Smith was personally involved in any of his alleged constitutional deprivations.  Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivations

Accordingly, the Undersigned **RECOMMENDS** that plaintiff's claim of verbal abuse by Captain Mason, as well as his claim that he was not allowed to go to the prison store be **DISMISSED**.  Moreover, the Undersigned **RECOMMENDS** that the Mental Health Department, Medical Department, and Sheriff Smith be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 27th day of July, 2009.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb