IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DERRICK DEXTER COLEY

                Plaintiff

VS.

DON MASON, Captain, *et al.*,

                Defendants

NO. 1:09-CV-107 (WLS)

Proceedings Under 42 U.S.C. §1983
Before the U. S. Magistrate Judge

## RECOMMENDATION

Before the court are two motions seeking summary judgment. Tabs #28 and #30. The first was filed by defendant NURSE GOLPHIN and the second by defendants DON MASON and ERIC BRYANT. Both motions are supported by briefs, statements of material facts, affidavits, and several exhibits. Plaintiff DERRICK DEXTER COLEY was directed to file and has filed a response to the motions. Tab #33. The motions are now ripe for review.

## FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, plaintiff Coley explains that, on April 6, 2009, he was arrested by a police officer employed by the City of Americus, Georgia. He was then transported to the Sumter County, Georgia jail. Upon arriving at the jail, and for the duration of his approximately sixty-two (62) day stay therein, he claims that he was held in protective custody.[1] According to the plaintiff, during the majority of this incarceration, the defendants unlawfully refused to provide him with proper medical treatment, showers, a mattress, clean drinking water, clean clothing, and clean bed linens. In addition, he contends that defendant Mason conspired with another jail employee to read and prevent the dispatch of all of his notarized legal and/or privileged mail. By way of relief, plaintiff Coley demands substantial compensatory and punitive damages, as well as declaratory relief. In response to these allegations, and after answering this lawsuit, the defendants filed their motions seeking summary judgement. Within these motions, the defendants assert that the plaintiff failed to exhaust his available administrative remedies and failed to sufficiently state a claim.

---

[1] It is undisputed by the parties that the reason plaintiff was placed in protective custody was because of his recent cooperation in an investigation of other inmates incarcerated in the same jail facility.

# **LEGAL STANDARDS**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*
> >
> > *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences drawn therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the opposing party cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## DISCUSSION

Having reviewed the record in this case, it appears to the undersigned that plaintiff Coley's claims can be separated into three distinct categories, to-wit: claims of medical deliberate indifference, claims involving unconstitutional conditions of confinement, and claims of unlawful mail censorship. Each category will be addressed separately.

Regarding his claims of medical deliberate indifference, the plaintiff's primary complaint is the defendants alleged refusal to provide him with certain prescription medications. According to the plaintiff, these medications were needed to treat his "mental illness of depression." He then goes on to declare that, as a result of his not being given these medications, he became very depressed and, on two occasions, "thought about seriously hurting [himself]."

---

[2] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

In response to this claim, and while citing to and relying upon the plaintiff's medical records and other evidence submitted in support of their motions seeking summary judgment, the defendants aver, *inter alia*, that plaintiff Coley received constitutionally adequate medical care and treatment during the entire term of his incarceration.  In addition, they point out the lack of any objective medical evidence showing that the plaintiff suffered any physical injury as a consequence of being denied his mental health medication. Thus, and in accordance with the physical injury requirement set out in 42 U.S.C. § 1997(e), they conclude that plaintiff Coley has failed to demonstrate any instance of deliberate indifference to his serious medical needs.  Having carefully reviewed the record in this case, and in light of the plaintiff's failure to respond to the defendant's assertions by filing affidavits, depositions, or otherwise, the undersigned is convinced that the defendants are correct.

Plaintiff's next claims involve his allegedly being subjected to unconstitutional conditions of confinement.  More specifically, he contends that the defendants unlawfully denied him access to a shower, a mattress, clean drinking water, clean clothing, and clean bed linens.  In response, and after asserting via affidavit that the plaintiff did, in fact, have access to clean drinking water at all times, access to a shower every other day, clean clothes twice a week, clean linen every other day, and access to a mattress each night, the defendants argue that plaintiff's instant allegations are simply not sufficient to rise to the level of a constitutional violation.  To support this assertion, the defendants argue that  plaintiff Coley has failed to produce sufficient evidence to establish (1) that the actual conditions of his confinement posed a substantial risk of serious harm; (2) that any defendant was aware of and deliberately indifferent to such risks; and/or (3) that his being confined under these conditions caused him any injury or harm.  As such, and in view of the fact that all of the foregoing elements are needed to establish a viable claim, the defendants conclude that the plaintiff's condition of confinement claims  must also fail. *See  Farmer v. Brennan*, 114 S.Ct. 1970, 1984, 511 U.S. 825 (1994).  The undersigned agrees.  After carefully reviewing the record in this case and the relevant legal standards, it appears to the undersigned that the plaintiff has, once again, failed to state a claim and/or meet his burden on summary judgment.  As such, these claims must also fail.

The third and final category consists of the plaintiff's claims involving mail. According to the plaintiff, on or about May 7, 2009, he requested that jail employee Ann B. Masters notarize what he believed to be a legal document. The document was a letter which he had prepared and wanted to send to Mayor Barrie Blount. In this letter, he complained about violent threats he was receiving from defendant Mason and other members of the jail staff. In view of these alleged threats, he felt that Blount needed to take some unspecified action against defendant Mason and the others. Plaintiff claims that in response to this request, Mrs. Masters told him that defendant Mason would need to read and approve any documents that he wanted her to notarize.

The plaintiff then goes on to aver that, after his conversation with Mrs. Masters, defendant Mason prevented all of his outgoing legal mail from being dispatched. To support this assertion, he claims that his subsequent attempts to mail letters to his wife Sharon, Rev. Sherrod, Dr. Marshall of the NAACP, Margret Jordan, and Yolonda Jones were all unsuccessful. Finally, and without directly assigning liability to any particular defendant, plaintiff Coley alleges that he did not receive any mail during this period of time.

In response, and as an initial matter, the defendants cite to an affidavit prepared by defendant Mason. Therein, defendant Mason avers that he did not, in any way, interfere with or even see any of the plaintiff's incoming or outgoing mail. This, according to the affidavit, is because all inmate mail is processed by officers in the jail's central control— not by him.

The defendants then go on to argue that the plaintiff's mail claims are self contradictory. In support of this observation, they cite the plaintiff's allegation that defendant Mason, in a conspiracy with Mrs. Masters, read and then prevented the dispatch of all of his outgoing legal mail. In light of this allegation, the defendants then aver that, based upon the intended recipients, none of letters that were allegedly read and/or prevented from being dispatched could constitute either legal or privileged mail. Thereafter, and following a brief discussion of the law as applied to inmate claims of interference with legal mail, the defendants observe that plaintiff Coley has neither alleged nor shown that he suffered any *actual* injury as a result of the alleged mail violations.

Based upon the plaintiff's apparent failure to allege or establish any actual injury, coupled with the fact that none of the allegedly thwarted letters were legal or privileged in nature, the defendants correctly conclude that any access to the courts claim that may have been implicated by the plaintiff's mail claims are precluded. That said, they then turn to the only other possible constitutional claim that could be implicated by the plaintiff's mail related claims— a First Amendment freedom of speech claim. With respect to such a claim, the defendants concede such claims require no showing of actual injury. However, the defendants also observe that, absent actual injury, no award of compensatory damages may be awarded.

In view of the above, and with regard to the plaintiff's allegations against defendant Mason, the defendants argue that the plaintiff's evidence of, *inter alia*, a pattern, practice, or policy of opening inmate mail is not sufficient to establish supervisory liability. In other words, in light of defendant Mason's affidavit testimony that he had no personal knowledge of nor contact with the plaintiff's mail, the only way to assign liability to defendant Mason is by virtue of his supervisory position in the jail. Even though the defendants spent very little time on this argument in their brief, their argument concerning the sufficiency of the evidence appears valid.

A review of the plaintiff's pleadings leads the undersigned to conclude that his mail interference claims against defendant Mason are, for the most part, conclusory and unsupported. This conclusion is premised upon the undersigned's observation that the only evidence directly linking the plaintiff's mail to defendant Mason are the statements allegedly made to the plaintiff by Mrs. Masters. Accepting the veracity of these statements, it appears that the only articles of the plaintiff's mail that may have been seen and/or interfered with by defendant Mason were those that the plaintiff sought to have notarized. In spite of this seemingly apparent deduction, the plaintiff is attempting to use this evidence to demonstrate that defendant Mason interfered with and put a stop to *all* of his mail. In light of the fact that the plaintiff's allegations of mail tampering are based almost entirely upon such limited evidence, the undersigned sees no choice but to find that the allegations are both conclusory and unsupported. Not only are conclusory and unsupported allegations insufficient to state a viable cause of action under 42 U.S.C. §1983, they are also not sufficient to meet a non-moving party's burden on summary judgment. For this reason, the plaintiff's mail claims fail.

Accordingly, since it appears that the defendants are entitled to judgment as a matter of law, **IT IS RECOMMENDED** that the defendants' MOTIONS FOR SUMMARY JUDGMENT be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 8th day of SEPTEMBER, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE